UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re | ) |
| | ) Chapter 7, No. 10-44179-MSH |
| NICHOLAS J. FIORILLO | ) |
| | ) |
| Debtor | ) |
| | ) |

## CHAPTER 7 TRUSTEE'S MOTION TO COMPEL DEBTOR TO FILE CREDIT COUNSELING CERTIFICATE

Now comes JONATHAN R. GOLDSMITH ("Trustee"), the duly appointed, qualified and acting Chapter 7 Trustee in the above-captioned proceeding, and moves this Honorable Court for an Order compelling the Debtor to comply with this Court's October 28, 2010 and to file a Certificate of Credit Counseling with the Court within twenty four (24) hours. In support of said Motion, the Trustee respectfully represents as follows:

1. That on August 23, 2010, the above-named Debtor filed a Voluntary Petition under the provisions of Chapter 7 of the Bankruptcy Code.

2. That on October 7, 2010, JONATHAN R. GOLDSMITH accepted the appointment as Chapter 7 Trustee for the above-entitled estate.

3. The Debtor filed an <u>Emergency Motion to Dismiss Chapter 7 Bankruptcy Case</u> on October 27, 2010, asserting that the case must be dismissed for the reason that the Debtor is not a "debtor" under 11 U.S.C. §109(h) because he failed to take an approved credit counseling course with 180 days prior to filing the Petition.

4. On October 28, 2010, this Court issued an Order denying Debtor's Motion to Dismiss (the "Order"). A copy of the Order is attached hereto as "Exhibit A". Part of the Order

states that "Debtor is ordered to file a certificate of credit counseling within 14 days of the date of this Order".

5.    The Debtor filed a Notice of Appeal of the denial of his Motion to Dismiss, but has not sought a stay of the Order pursuant to F.R.B.P 8005.

6.    The Debtor did not file a certificate of credit counseling within the time frame ordered by this Court, or at any time, to date.

7.    The Debtor, in fact, took an approved credit counseling course, through InCharge Education Foundation, Inc., on September 7, 2010, and obtained a Certificate of Counseling therefor (the "Certificate"). See copy of Certificate attached hereto as "Exhibit B".

8.    Debtor never filed the Certificate and, in fact, had the Certificate for over six (6) weeks at the time he filed his Motion to Dismiss.

WHEREFORE, the Trustee respectfully requests that this Court grant this Motion and issue an order compelling the Debtor to comply with its October 28, 2010 Order and file the September 7, 2010 Certificate of Counseling with the Court within twenty four (24) hours, and for other and further relief as the Court deems just and proper.

                JONATHAN R. GOLDSMITH, TRUSTEE IN
                BANKRUPTCY FOR NICHOLAS J. FIORILLO,
                By his counsel,

                _____
                Jonathan R. Goldsmith, Esq. (BBO No. 548285)
                Nicholas Grimaldi, Esq. (BBO# 632055)
                LAW OFFICE OF JONATHAN R. GOLDSMITH
                AND ASSOCIATES, LLC
                1350 Main Street, Suite 1505
                Springfield, MA 01103
                Tel. (413) 747-0700
                Dated: January 14, 2011

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | ) |
| | ) |
| Nicholas J. Fiorillo | )   Chapter 7 |
| | )   CASE NO. 10-44179-MSH |
| Debtor. | ) |
| | ) |

**DEBTOR'S *EMERGENCY* MOTION TO DISMISS CHAPTER 7 BANKRUPTCY CASE**

Now comes the Debtor, Nicholas J. Fiorillo (hereinafter "Debtor"), and respectfully requests that this Honorable Court dismiss the above-captioned chapter 7 bankruptcy case because the Debtor is not a *Debtor* under Title 11 of the United State Code (hereinafter "Bankruptcy Code"). In support thereof, the Debtor states the following:

1. The Debtor filed a chapter 11 bankruptcy on August 23, 2010.

2. The Debtor was converted to a chapter 7 bankruptcy on October 7, 2010.

3. The Debtor did not take an approved credit counseling course within 180 days of the bankruptcy filing pursuant to 11 U.S.C. § 109(h)

4. 11 U.S.C. § 109(h)(1) states that "an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."[1]

---

[1] 11 U.S.C § 109(h)(3) allows a waiver of the credit counseling requirement if the debtor submits a certification fulfilling three requirements which conjunctively show "exigent circumstances that merit a waiver" of the credit counseling requirement. As stated in the Debtor's filing, the only reason the credit counseling course was not taken is that he had a foreclosure scheduled the day of his bankruptcy filing. Courts have already decided that such circumstance is not "exigent". See *In re: Peter Paul Mitrano*, 409 B.R. 812 (E.D.Va. 2009).

# EXHIBIT B

Certificate Number: 02910-MA-CC-012241942



02910-MA-CC-C 2241942

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>September 7, 2010</u>, at <u>11:28</u> o'clock <u>AM EDT</u>, <u>Nicholas Fiorillo</u> received from <u>InCharge Education Foundation, Inc.</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>District of Massachusetts</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet and telephone</u>.

Date: <u>September 7, 2010</u>     By:   <u>/s/Tamara Ray</u>

                                  Name: <u>Tamara Ray</u>

                                  Title: <u>Certified Bankruptcy Counselor</u>

\* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

Transmittal ID: 210949

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re )<br>)<br>NICHOLAS J. FIORILLO )<br>)<br>Debtor ) | Chapter 7, No. 10-44179-MSH |

### CERTIFICATE OF SERVICE

I, JONATHAN R. GOLDSMITH, ESQ., of the LAW OFFICE OF JONATHAN R. GOLDSMITH AND ASSOCIATES, LLC, 1350 Main Street, Suite 1505, Springfield, Massachusetts, do hereby certify that I have served a copy of the within Motion to Compel upon those parties listed below by electronic mail or by mailing, first class mail, postage prepaid, on this 14th day of January, 2011:

OFFICE OF THE U.S. TRUSTEE
446 Main Street, 14th Floor
Worcester, MA 01608

James P. Ehrhard, Esq.
EHRHARD & ASSOCIATES, P.C.
418 Main Street, 4th Floor
Worcester, MA 01608

NICHOLAS J. FIORILLO
49 Olde Colony Drive
Shrewsbury, MA 01545

Evans J. Carter
Evans J. Carter, P.C.
P.O. Box 812
Framingham, MA 01701

Alex F. Mattera
Demeo & Associates, P.C.
One Lewis Wharf
Boston, MA 02110

Roy A. Bourgeois
Bourgeois,Dresser,White,&Beard
4 Dix St.
Worcester, MA 01609

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131
Attention: Ramesh Singh

/s/ Jonathan R. Goldsmith
JONATHAN R. GOLDSMITH, ESQ.