UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| NICHOLAS J. FIORILLO, | ) ) | Case No.: 10-44179-MSH<br>Chapter 7 |
| Debtor. | ) ) ) | |

**DEBTOR'S OPPOSITION TO "CHAPTER 7 TRUSTEE'S MOTION TO COMPEL DEBTOR TO FILE CREDIT COUNSELING CERTIFICATE"**

Now comes the Debtor, by counsel, and respectfully requests that this Honorable Court deny the "Chapter 7 Trustee's Motion to Compel Debtor to File Credit Counseling Certificate." In support thereof the Debtor states the following:

1. The Debtor DENIES paragraph one. The Debtor filed a *pro se* Chapter 11 bankruptcy on August 23, 2010, not one under Chapter 7.

2. The Debtor ADMITS paragraph two.

3. The Debtor ADMITS paragraph three. The Debtor also delineated in the Motion to Dismiss that no exigent circumstances existed which would merit a waiver of the 180-day credit counseling requirement.

4. The Debtor ADMITS paragraph four.

5. The Debtor ADMITS paragraph five. The Debtor adds that he has filed a Limited Motion to Stay Proceedings as of today's date.

6. The Debtor ADMITS paragraph six.

7. The Debtor admits that a credit counseling course was taken but adds that it occurred after the bankruptcy was filed and in the absence of exigent circumstances.

8. The Debtor admits that no certificate has been filed.

The Debtor further states that the Order in which this Court dictated that a credit counseling certificate be filed is on Appeal. The issue on Appeal - that of whether a Debtor's failure to take a credit counseling course within 180 days prior to filing a bankruptcy and with no exigent circumstances justifying such failure statutorily disqualifies a Debtor from continuing in a bankruptcy - appears to be a matter of first impression in the First Circuit.  The dictate of this Honorable Court to file a credit counseling course certificate appears to be based on the outcome of that appellate question.

Additionally, the pending Appeal is currently be handled by Judge Douglas P. Woodlock. Judge Woodlock has ordered the Appellant's brief to be filed no later than January 18, 2011 and the Appellee's brief no later than February 1, 2011.  The appeal should, based on the scheduling Order, be resolved in a matter of weeks and no party will be prejudiced by waiting to file a certificate if it is required.  Notably, the timing of the Chapter 7 Trustee's Motion to Compel is curious since the period to add to the Record on Appeal, upon information and belief, is closed.

Lastly, the Debtor filed an Emergency Motion for Limited Stay of Proceedings Pending Appeal on today's date.  The reasons for such Motion are, of course, delineated in the Motion.  If such Motion is allowed the Chapter 7 Trustee's Motion to Compel would itself be stayed.

WHEREFORE, the Debtor respectfully requests that this Honorable Court deny the Chapter 7 Trustee's Motion to Compel until after the Appeal is taken to final Order.

    Respectfully submitted,
Nicholas J. Fiorillo,
by his counsel,

 /s/ James P. Ehrhard_____
James P. Ehrhard (BBO# 651797)
Ehrhard & Associates, P.C.
418 Main Street, 4th Floor
Worcester, MA 01608
Tel: 508.791.8411

Dated:  January 16, 2011    ehrhard@ehrhardlaw.com

CERTIFICATE OF SERVICE

I, James P. Ehrhard, do hereby certify that I have this 16th day of January, 2011 served a copy of the above Opposition to those parties listed below by first class U.S. Mail if not served by electronic mail via ECF:

Office of the U.S. Trustee via ECF

Chapter 7 Trustee Jonathan Goldsmith via ECF

Alex Mattera, Esq. (for Gates Street Lending) via ECF

Evans J. Carter, Esq. (for Santo Acuri) via ECF

Roy A. Bourgeois, Esq.
Bourgeois, Dresser, White & Beard
4 Dix Street
Worcester, MA 01609

Recovery Management Services
25 S.E. 2nd Avenue, suite 1120
Miami, FL 33131
attn: Ramesh Singh

Nicholas J. Fiorillo
49 Olde Colony Drive
Shrewsbury, MA 01545

         /s/ James P. Ehrhard_____
         James P. Ehrhard